**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Leander Tsosie,<br><br>  Defendant. | No. CR-12-08147-PHX-GMS<br><br>**ORDER** |

Defendant Leander Tsosie has filed a Motion to Dismiss the Indictment for lack of subject matter jurisdiction. (Doc. 23.) For the reasons described below, the Court grants the motion.

**FACTUAL BACKGROUND**

The charges against Tsosie arise out of a car-pedestrian accident that occurred in January 2011 on the Navajo Indian Reservation. The pedestrian, Leo Spencer, suffered severe injury and eventually died. The government alleges that Tsosie was the driver of the car. A grand jury indicted Tsosie on June 5, 2012, under Arizona's hit and run statute. *See* Ariz. Rev. Stat. §§ 28-661, 28-663. Section 28-661(A) provides that "[t]he driver of a vehicle involved in an accident resulting in injury to or death of a person shall . . . immediately stop the vehicle at the scene of the accident or as close to the accident scene as possible but shall immediately return to the accident scene[, and r]emain at the scene of the accident until the driver has fulfilled the requirements of § 28-663." Section 28-663 in turn requires that the driver provide information and render assistance to the injured person, and criminalizes failure to comply with its provisions. Tsosie asserted that

discovery revealed that the pedestrian—Leo Spencer—was an Indian, and the government has not disputed that claim.

On November 9, 2012, Tsosie moved to dismiss the indictment for lack of subject matter jurisdiction.

**DISCUSSION**

**I.  Requirements for Subject Matter Jurisdiction**

The Indian Country Crimes Act ("ICCA"), 18 U.S.C. § 1152, makes the federal enclave laws applicable to the Indian reservations: "Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country." One of the federal laws that applies to the reservation by virtue of the ICCA is the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13. *See Williams v. United States*, 327 U.S. 711, 712-13 (1946). "Under the ACA, if conduct prohibited by state law occurs on federal land, the state criminal law is assimilated into federal law unless the conduct is already governed by federal law." *United States v. Thunder Hawk*, 127 F.3d 705, 707 (8th Cir. 1997). In this way, the ACA "fills gaps in the law applicable to federal enclaves, ensures uniformity between criminal prohibitions applicable within the federal enclave and within the surrounding state, and provides residents of federal enclaves with the same protection as those outside its boundaries." *United States v. Hall*, 979 F.2d 320, 322 (3d Cir. 1992); *see also United States v. Marcyes*, 557 F.2d 1361 (9th Cir. 1977) ("Thus, the ACA establishes uniformity in a state's prohibitory laws where such conduct is not made penal by federal statutes."). Hence the federal government indicted Tsosie for violations of Arizona law.

Nevertheless, the ICCA excepts from federal jurisdiction "offenses committed by one Indian against the person or property of another Indian." 18 U.S.C. § 1152. Tsosie claims that because the pedestrian he allegedly struck—Leo Spencer—was an Indian, and because he then failed to remain on the scene to provide information and render

assistance to Spencer, the indictment charges him with an offense "committed by one Indian against the person or property of another Indian," which deprives the federal courts of jurisdiction. In contrast, the government claims that Ariz. Rev. Stat. § 28-661 is a victimless crime and therefore does not trigger the so-called "Indian against Indian" exception.

**II.     Application of "Indian against Indian" Exception to the Hit and Run Statute**

Section 28-661 requires that, in those cases in which a person has been injured in an accident, the driver is required to remain on the scene and provide assistance to that person. Because, in this accident, Tsosie failed to remain on the scene and provide assistance to Spencer, who was injured in the accident, he committed a crime against Spencer, the person to whom the statute specifies the assistance was due. Furthermore, because Tsosie and Spencer were both Indians, the crime he committed was "committed by one Indian against the person . . . of another Indian" and thus falls within the exception to the ICCA.

The government takes a narrower view of the exception, claiming that it applies only when a specific victim must be named in a statute, indictment, or verdict form. Nothing in the statutory exception to the ICCA supports such an argument. It is, as the government points out, conceivable that the underlying crime could be committed in circumstances in which the perpetrator and the victim would be the same person, and thus there would be no "victim' in a practical sense. In such a case, at any rate, there would be no crime committed by "one Indian against . . . another." Nevertheless, the government has not suggested, and could not suggest, that where Spencer was an Indian and was allegedly injured by Tsosie, this is a case in which the victim and the perpetrator are the same person.

As further evidence that a violation of the hit and run statute involves an "offense[ ] committed . . . against the person . . . of another", 18 U.S.C. § 1152, the Arizona courts have held that an injured party under the hit and run statute is a victim for purposes of Arizona's Victims' Rights Implementation Act of 1991 ("Victims' Bill of Rights"). *See*

Ariz. Rev. Stat. § 13-4401, et seq. In *Smith v. Reeves*, the Court of Appeals reasoned that "[a]lthough defendant was not charged with committing a crime for hitting C.C., the charge that he left the scene without complying with A.R.S. § 28–663 is not simply a claim that defendant violated a safety statute or an offense against public order; rather, it is a claim that he violated the specific duty he owed to C.C. that arose the moment that defendant struck him." 226 Ariz. 419, 423, 250 P.3d 196, 200 (Ct. App. 2011). It held that the injured party was a victim "as defined by Article 2, Section 2.1(C), of the Arizona Constitution and A.R.S. § 13–4401(19)." *Id.* As the government points out, determining whether a person is a victim for purposes of applying the Victims' Bill of Rights, is different than determining whether a crime is perpetrated by an Indian on an Indian. Nevertheless, pointing out the distinction alone does not explain why the reasoning should lead to a different result in the two contexts.

And indeed, the definition of victim in the Victims' Bill of Rights referenced in *Smith* essentially mirrors the wording of the "Indian against Indian" exception. "'Victim' means a person against whom the criminal offense has been committed." Ariz. Rev. Stat. § 13-4401(19). "Criminal offense", in turn, requires an injured party: "'Criminal offense' means conduct that gives a peace officer or prosecutor probable cause to believe that a felony or that a misdemeanor involving physical injury, the threat of physical injury or a sexual offense has occurred." *Id.* § 13-4401(6). The determination by the Court of Appeals that the injured party in a hit and run case is a "person against whom [a] criminal offense has [been] committed" gives guidance to this Court as to the proper interpretation of the statute under Arizona law for purposes of the "Indian against Indian" exception.[1]

---

[1] The Arizona Supreme Court had occasion to opine on the purposes of §§ 28-661 and 28-663 in *State v. Milligan*. It observed that the statute was "designed to 'prohibit drivers of motor cars from seeking to evade civil or criminal liability by escaping, before their identity can be established, *and* from leaving persons injured in collisions, in distress or danger, for want of proper medical or surgical treatment.'" 87 Ariz. 165, 169, 349 P.2d 180, 183 (1960) (quoting *State v. Severance*, 120 Vt. 268, 138 A.2d 425, 428 (1958)) (emphasis added). The statute therefore has both a "geographic" purpose (ensuring the driver remains on the scene to assist the government's investigation) and a "humanitarian" purpose (requiring the driver to assist the injured party). The statute therefore establishes a duty that runs from the driver to the injured party. The way the

After all, Tsosie was charged under an assimilated provision of Arizona law, and the Arizona courts' view on whether the crime involves an offense committed against the person of another carries great weight.

As the Arizona courts have found, the hit and run statute is not a statute that will always have "no direct victim." *Black's Law Dictionary* 429 (9th ed. 2009). Because, in this case, the alleged driver and the pedestrian were both Indian and were separate people, the indictment alleges an "offense[ ] committed by one Indian against the person or property of another Indian." 18 U.S.C. § 1152.

## CONCLUSION

This Court lacks subject matter jurisdiction over the indictment under the "Indian against Indian" exception to the ICCA.

**IT IS THEREFORE ORDERED** that Tsosie's Motion to Dismiss the Indictment (Doc. 23) is **GRANTED**.

Dated this 11th day of December, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

---

statute achieved its twofold purpose of preventing evasion of criminal activity and abandonment of the injured party was to criminalize "concealing, or attempting to conceal the identity of one involved in an automobile accident wherein personal injuries are sustained." *Id.* Arizona law, then, views the hit and run statute as a prophylactic measure that creates a duty on the part of the driver to any injured party, the violation of which is an offense against their person.